O. ROUBIEU *v.* A. W. L. PALMER.

This is a question of fact. Defendant contended that he was a capitalist who advanced money to plaintiff at an agreed rate of discount, upon the bills delivered to him, as plaintiff wanted money from time to time. Plaintiff, on the other hand, contended that he dealt with defendant as a broker, that the bills were entrusted to him in that capacity, with authority to get them discounted, etc.

A PPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
*T. J. Semmes* and *Roselius,* for plaintiff. *Larue & Whitaker,* for defendant and appellant.

SLIDELL, C. J. The defendant concedes in argument that he has been properly found guilty of fraud under the 10th section of the Act of 1840, if it has been proved that plaintiff entrusted him in his capacity of broker with the bills of exchange, for the purpose of getting them discounted in the market, that he sold the bills, received the money therefor for plaintiff, and wrongfully retains the proceeds. But he contends that, under the evidence, the bills were not entrusted to him as a broker. That he was a capitalist advancing money to *Roubieu* at an agreed rate of discount upon the bills delivered to him, as *Roubieu* wanted money from time to time.

The evidence satisfies us that *Roubieu* dealt with *Palmer* as a broker; that the bills were entrusted to him in that capacity, with authority to get them discounted within a certain limit, twelve per cent., and with a compensation of

one per cent. for his brokerage. That *Palmer* has, in breach of the confidence reposed in him, sold at least some of the bills and converted the proceeds to his own use, refusing to render an account of his sales, having paid over only a portion of the proceeds, not offering to return any bills he may not have actually negotiated, and remaining a defaulter for a large balance.

The argument made for the defendant derives its only plausibility from the form in which an account was made out by the plaintiff's bookkeepers, and the circumstance that in many of his payments *Palmer* did not pay over specific sums as the proceeds of discount of specific bills. But upon reference to the testimony of the witnesses the difficulties vanish. It is satisfactorily shown that this account was forced upon *Roubieu's* bookkeeper, from the fact of *Palmer's* not making prompt and specific returns of bills put into his hands without contemporaneous vouchers or formal entries. The mode in which *Palmer* made his payments, and the testimony of the witnesses respecting the account, and the circumstances under which it was kept and rendered to *Palmer*, prove that *Palmer* was not in his later dealings a punctual agent, and that *Roubieu* permitted a loose mode of doing business between his broker and himself; but do not disprove the relation of principal and broker, which, on the contrary, is clearly established by express testimony, and accords also with the publicly known and daily vocation of *Palmer*, as shown by witnesses not in the employment of plaintiff.

As to the money part of the judgment, the only error we find to the defendant's prejudice is in substantially charging him, as under date of 11th July, 1854, with the face of bills of exchange amounting to $16,600, which did not mature until various dates after that day.

In conclusion, it is proper to observe that evidence was introduced without objection with regard to a large amount of bills beyond those enumerated in the petition, and showing the transactions between the parties for a considerable time, and the amount due and unaccounted for by the defendant.

It is therefore decreed that the judgment be amended by reducing the principal sum thereby awarded to the sum of $16,454 89, to bear interest from 11th July, 1854, until paid, and that so amended said judgment be affirmed, the costs of the appeal to be paid by the plaintiff.